UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN TACTIKOS,

                Plaintiff.

  -against-

THE CITY OF NEW YORK, P.O. JUSTIN
CRACCHIOLA and POLICE OFFICERS
DAVID CUCE AND SERGIO HERNANDEZ
AND SERGEANT RUDY PURRONE,
Individually and in their Official Capacities,

                Defendants.
-------------------------------------------------------x

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

CV 07-3647 (NGG) (JO)

      Plaintiff, JOHN TACTIKOS, by and through his attorney, **ARNOLD J. LEVINE, ESQ.**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. JUSTIN CRACCHIOLA, and POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE, as Officers of the New York City Police Department, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in the this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

## PARTIES

7. At all times relevant hereto Plaintiff was and is a resident of Kings County in the State of New York, in the Eastern District of New York.

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants P.O. JUSTIN CRACCHIOLA and POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants CRACCHIOLA and POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On June 13, 2006, at approximately 5:40 p.m., Plaintiff JOHN TACTIKOS was in or about the area of 138A 16th Street, Brooklyn, New York.

13. Plaintiff was on his stoop about to enter his home when he was grabbed from behind by Defendant Police Officer CRACCHIOLA and thrown to the ground.

14. Before grabbing Plaintiff and throwing him to the ground, Defendant CRACCHIOLA had not made his presence known to Plaintiff.

15. Before grabbing Plaintiff and throwing him to the ground, Defendant CRACCHIOLA had not identified himself to Plaintiff as a Police Officer.

16. When he grabbed Plaintiff and threw him to the ground, Defendant CRACCHIOLA was not in uniform, but was wearing plainclothes.

17. When Plaintiff was thrown to the ground, his right arm was pinned between his body and the ground, while Defendant CRACCHIOLA placed his knee on Plaintiff's chest and twisted Plaintiff's left arm.

18. As a result of his physical position, Plaintiff was physically unable to comply with Defendant CRACCHIOLA'S demands that Plaintiff give his right hand to Defendant CRACCHIOLA.

19. Plaintiff told Defendant CRACCHIOLA that he was physically unable to remove his right arm from beneath his own body until Defendant CRACCHIOLA took his weight off Plaintiff.

20. Instead of taking his weight off Plaintiff so that Plaintiff could remove his right hand from beneath his body and comply with Defendant CRACCHIOLA's commands that Plaintiff give him his right hand, Defendant CRACCHIOLA choked Plaintiff and punched Plaintiff in the face two times.

21. The two punches by Defendant CRACCHIOLA to Plaintiff's face caused redness; swelling; bruising to his nose, jaw, and eyes; bleeding from his mouth and nose; substantial pain; and a deviated septum, which required surgery.

22. While Defendant CRACCHIOLA kneeled on, choked, and punched Plaintiff, Defendant POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE stood nearby, watching, but did not act to protect Plaintiff from the excessive force to which he was subjected by Defendant CRACCHIOLA.

23. Defendant CRACCHIOLA then lifted Plaintiff from the ground by his arms, handcuffed Plaintiff, and searched Plaintiff's pockets by cutting Plaintiff's pants pockets with a knife.

24. After his arrest, Plaintiff repeatedly requested of Defendant CRACCHIOLA and Defendant POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE that he be taken to a hospital.

25. Instead of taking Plaintiff to a hospital, Defendant POLICE OFFICER CRACCHIOLA and Defendant POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE transported Plaintiff to the 72rd Precinct, Brooklyn, New York, where Defendant Police Officers transferred Plaintiff from a car to a van.

26. While in the van, Plaintiff repeatedly requested to be taken to a hospital for medical treatment.

27. Instead of taking Plaintiff to the hospital, Defendant CRACCHIOLA and Defendant POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE drove around Brooklyn with Plaintiff in the van for several hours before returning to the 72nd precinct, where Plaintiff was held overnight without receiving medical attention.

28. On June 14, 2007, after being released from custody, PLAINTIFF sought and received medical attention for his injuries.

29. On September 8, 2006, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff JOHN TACTIKOS was served upon NYC.

30. On February 1, 2007, an oral examination of Plaintiff was conducted pursuant to Section 50-h of the General Municipal Law.

31. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

32. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

35. All of the aforementioned acts deprived Plaintiff JOHN TACTIKOS of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

36. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

39. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves not to take Plaintiff to get medical attention for injuries caused by Defendant CRACCHIOLA and by agreeing among themselves not to prevent Defendant CRACCHIOLA from violating Plaintiff's civil rights, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

43. The degree of force used by Defendants was excessive, unreasonable, and unwarranted.

44. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

45. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bleeding, bruising, and swelling about his face, head, and body, and a deviated septum, which required surgical repair.

46. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. By the aforementioned actions, the Defendant Police Officers did inflict assault and battery upon the Plaintiff JOHN TACTIKOS. The acts and conduct of the Defendant Police Officers were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs, and expenses and was otherwise damaged and injured.

**FIFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

51. Defendant Police Officer JUSTIN CRACCHIOLA used excessive and unreasonable force during the stop, search, and arrest of Plaintiff despite a lack of force or resistance by Plaintiff , notwithstanding his knowledge that said force would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

52. Defendant POLICE OFFICERS DAVID CUCE AND SERGIO HERNANDEZ AND SERGEANT RUDY PURRONE failed to protect Plaintiff from the violation of his civil and constitutional rights by Defendant CRACCHIOLA's use of excessive and unreasonable force against Plaintiff and refused get Plaintiff medical treatment for his injuries despite his obvious need and repeated requests.

53. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

55. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

56. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff JOHN TACTIKOS.

57. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff JOHN TACTIKOS as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff JOHN TACTIKOS as alleged herein.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff JOHN TACTIKOS.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

61. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use

of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

  62. All of the foregoing acts by Defendants deprived Plaintiff JOHN TACTIKOS of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

    c. To be protected against violations of his civil and constitutional rights.

    d. To be provided necessary medical treatment while in police custody;

    e. To be free from intentional assault, battery, and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

### PRAYER FOR RELIEF

  WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

  1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

  2. Punitive damages in the amount of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS; and

  3. Reasonable attorney's fees and costs; and

    4. Such other and further relief as this Court deems just and proper.


DATED:    New York, New York
               FEBRUARY 15, 2008

                                              Respectfully submitted,

                                              /S/ ARNOLD J. LEVINE
                                              Arnold J. Levine (AL6819)

                                              ARNOLD J. LEVINE, ESQ.
                                              *Attorney for Plaintiff*
                                              The Woolworth Building
                                              233 Broadway, Suite 901
                                              New York, New York 10279
                                              (212) 732-5800